**TAHOE TAVERN PROPERTY OWNERS ASSOCIATION; Tavern Shores Owners Association, Plaintiffs—Appellants,**

**v.**

**UNITED STATES FOREST SERVICE; Federal Transit Administration; County of Pacer, California, Defendants—Appellees.**

No. 07–16006.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Dec. 5, 2008.

**2.** This decision moots the remaining issues raised on appeal and in American's cross-
appeal.

920

Antonio Rossmann, Esquire, Roger B. Moore, Esquire, San Francisco, CA, for Plaintiffs–Appellants.

Yoshinori H.T. Himel, Esquire, Office of the U.S. Attorney, Sacramento, CA, Richard L. Crabtree, Esquire, Law Offices of Richard L. Crabtree, Chico, CA, for Defendants–Appellees.

Before: FERNANDEZ, T.G. NELSON, and THOMAS, Circuit Judges.

## MEMORANDUM*

Tahoe Tavern Property Owners Association and Tavern Shores Owners Association (collectively "Associations"), two nonprofit organizations composed of homeowners, appeal from the district court's grant of summary judgment in favor of the United States Forest Service and the County of Placer, California. The Associations had filed their action for the purpose of challenging a decision by the Forest Service and Placer County to build a "transit center" on a site com-

monly known as the "64 Acres" in Tahoe City, California. We affirm.

■ (1) The Associations argue that the Federal Transportation Administration ("FTA") and the Forest Service acted arbitrarily and capriciously[1] when they determined that the strictures of Section 4(f) of the Federal Transportation Act[2] need not be applied to the transit project in question here. We disagree. Our careful review of the lengthy record, which covers the time from which the Forest Service acquired the 64 Acres to the final approval of the use of that property, reveals that neither the FTA nor the Forest Service acted arbitrarily or capriciously in making the determination that the joint planning exception to Section 4(f) applied. *See Sierra Club v. Dep't of Transp.*, 948 F.2d 568, 573–75 (9th Cir.1991); 23 C.F.R. § 771.135(p)(5)(v) (2005); 23 C.F.R. §§ 774.17, 774.11(i) (2008). Because of the joint planning exception, they were not required to apply the restrictions on the use of park land which would otherwise have been required by Section 4(f). Bluntly put, the FTA could properly determine that the proposed transit center fit neatly into the genre of uses of the 64 Acres always contemplated by the Forest Service.[3]

■ (2) The Associations then assert that the Forest Service violated the National Environmental Policy Act's ("NEPA") requirement that adverse impacts from a project must be considered,[4]

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**1.** *See* 5 U.S.C. §§ 701–706; *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866–67, 77 L.Ed.2d 443, 458 (1983); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415–16, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136, 153 (1971); *Stop H–3 Ass'n v. Dole*, 740 F.2d 1442, 1449–50 (9th Cir.1984).

**2.** 49 U.S.C. § 303 (hereafter "Section 4(f)").

**3.** The FTA also determined that the temporary use exception applied. *See* 23 C.F.R. § 774.11(h) (2008). However, the district court did not analyze that exception, nor in light of our determination regarding the joint planning exception, do we.

**4.** 42 U.S.C. § 4332(2)(C)(i), (ii).

because, allegedly, the transit project may well violate Section 4(f).[5] That contention falls along with the notion that there was a Section 4(f) violation. To the extent that the Associations intend to extend their argument about alternatives beyond Section 4(f), a far from clear proposition, we are not convinced that the alternatives discussed in the initial Environmental Impact Report and Environment Impact Statement were insufficient,[6] but even if they were, the Recirculated Environmental Impact Report prepared by Placer County was considered by the Forest Service before final agency action took place. That obviated any perceived deficiency. *See Friends of the Clearwater v. Dombeck,* 222 F.3d 552, 557–58 (9th Cir.2000); *see also Sylvester v. U.S. Army Corps of Eng'rs,* 884 F.2d 394, 401 (9th Cir.1989) (seeing no need for federal agency to unnecessarily duplicate competent state analyses). The Forest Service did not violate NEPA. *See Baltimore Gas & Elec. Co. v. Natural Res. Def. Council, Inc.,* 462 U.S. 87, 97–98, 103 S.Ct. 2246, 2252, 76 L.Ed.2d 437, 446–47 (1983).

(3) The Associations finally assert that Placer County, for its part, violated the California Environmental Quality Act[7] ("CEQA") when it, also, failed to account for the alleged illegality under Section 4(f). However, Section 4(f) does not actually apply to the efforts of local entities alone. *See Stop H–3 Assn. v. Coleman,* 533 F.2d 434, 442 n. 15 (9th Cir.1976). In any event, because there was no violation of Section 4(f), this attack must also fail.[8]

AFFIRMED.

---

**5.** *See* 40 C.F.R. § 1508.27(b)(10) (covering threatened violations of federal, state or local law).

**6.** No special number of alternatives need be considered. *See Laguna Greenbelt, Inc. v. U.S. Dept. of Trans.,* 42 F.3d 517, 523–24 (9th Cir.1994); *see also Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.,* 117 F.3d 1520, 1538 (9th Cir.1997) (only two alternatives discussed).

**7.** *See* Cal. Pub. Res.Code §§ 21000–21006.

**8.** In their reply brief, the Associations appear to expand their attack to a claim that, Section 4(f) considerations aside, Placer County im-

properly relied on cost considerations in its discussion of alternatives under CEQA. The failure to raise that issue in the district court or in their opening brief here waives it. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (waiver by not raising issue in opening brief); *Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996) (waiver by not raising issue at district court). We will not consider the issue.

